REGAN, Judge.
Plaintiffs, Jules Roux and Ruth Borne Roux, who were judicially separated on December 19, 1952, jointly instituted this suit against the defendant, Jersey Insurance Company, endeavoring to recover, by virtue of the provisions of a fire insurance policy issued to Jules Roux, the sum of $750, representing the insured value of Ruth Roux’s clothing and other personal effects which were destroyed by fire on December 20, 1952, while in her residence in Dublin Street in the City of New Orleans, where she was residing separate and apart from her husband, who lived in the former matrimonial domicile in Baton Rouge, Louisiana.
Defendant pleaded the exceptions of no cause or right of action, which in the final analysis were maintained insofar as Ruth Roux was concerned and overruled as to Jules Roux. Defendant then answered and admitted the issuance of the policy and that it had been furnished proof of loss, but denied that the fire loss incurred by Ruth Roux was covered by the terms of the policy issued to Jules Roux.
The lower court rendered judgment in favor of the defendant dismissing Jules Roux’s action as of non-suit, and then in explanation thereof asserted that the court was “of the opinion that plaintiff has made out a good case for recovery herein except for the fact that the record is absolutely bare of any proof of the value of the property at the time of the loss.”
From that judgment only plaintiff Jules Roux has appealed; therefore, Ruth Roux’s legal problems are not before us. Defendant has answered the appeal and requested that we amend the lower court’s judgment so that plaintiff’s cause be dismissed in its entirety and as thus amended the judgment be affirmed.
The substantial facts appear to be relatively undisputed. Jules and Ruth Roux had lived together in 839 Convention Street, Baton Rouge, Louisiana, until September 1952, when she left that address to establish a separate residence in Slidell, Louisiana. In the first week of November 1952, she left Slidell and came to New Orleans, where she established her home in 1921 Dublin Street.
On October 29, 1952, Jules Roux instituted suit in the district court of Baton Rouge requesting a judicial separation from his wife. When this suit was filed, Ruth Roux had been living separate and apart from her husband for approximately five weeks, and she had in her possession all of her clothing and other personal effects which she had removed and taken with her from the matrimonial domicile in Baton Rouge with her husband’s consent, prior to the rendition of the judgment of separation.
*908 On December 19, 1952, the district court in Baton Rouge rendered and signed its judgment decreeing a separation from bed and board of Jules and Ruth Roux.
The following morning, or on December 20, 1952, a fire occurred in Ruth Roux’s Dublin Street residence in New Orleans and destroyed all of her clothes and other personal effects, which now form the subject matter of this litigation.
Ten days thereafter, or on December 31, 1952, Jules and Ruth Roux executed an instrument entitled “Partition and Settlement of Community Between Jules Roux and Mrs. Ruth T. Roux.” The pertinent part thereof reads as follows :
.“ * * * Mrs. Ruth T. Roux does hereby take and the said Jules Roux does hereby transfer and convey to the said Mrs. Ruth T. Roux all of his undivided part of and all of his right, title, interest and claim to the following described property, to-wit:
“All of the movable property belonging to the said community which is now in the possession of the said Mrs. Ruth T. Roux.
‡ ‡ ‡ ‡ Ht ‡
“The said appearers did further declare that for and in consideration of the above the said Jules Roux does hereby take and the said Mrs. Ruth T. Roux does hereby convey unto the said Jules Roux all of her undivided part of and all of her right, title, interest and claim to the following described property, to-wit:
“1. All of the movable property of said community which is now in the possession of the said Jules Roux;
“2. All other property of the said community, movable and immovable, which is not hereinabove taken by the said Mrs. Ruth T. Roux.”
At the time of the fire in the residence located in Dublin Street there was in effect a standard fire policy which had been issued by defendant on November 7, 1951, in the face amount of $7,500, insuring Roux against loss by fire of household and personal effects owned by him and contained in the Baton Rouge premises designated in the policy as 839 Convention Street. The policy included an indorsement which reads in part as follows:
“Contents Coverage Clause: When the insurance under this policy covers household and personal property (or contents), such insurance shall only cover all household and personal property usual or incidental to the occupancy of the premises as a dwelling * ■*
“The insured may apply up to ten per cent (10%) of the amount specified for the household and personal property item to property described therein and insured thereby * * * belonging to the Insured or any member o.f the family of, and residing with, the Insured, while elsewhere than on the described premises * * * ”.
Plaintiff has conceded that recovery herein is sought only under the provisions of the foregoing clause, and therefore defendant’s exposure in conformity therewith is limited to the sum of $750.
The only question posed for our consideration is whether the clothing and other personal effects of Ruth Roux which were destroyed by fire in her residence after the rendition of a judicial decree of separation between her and her husband were covered by the terms of the fire insurance policy issued to him.
In conformity with the contract of insurance, defendant is liable to the plaintiff for a proven amount of loss, not to exceed $750, only in the event of damage or destruction by fire of property described in and insured by the provisions of the policy and belonging to either himself or any member of his family who was residing with him. Hence, (a) if the property did not belong to plaintiff at the-time of its destruction by fire, but *909 on the other hand (b) it belonged at that time exclusively to Mrs. Roux who was neither a member of his family nor residing with him, these factors would relieve defendant from liability herein.
Although the clothing and personal effects of Mrs. Roux may have been considered as community property before she and plaintiff were judicially separated, there appears to he little doubt that they ceased to be community property on December 19, 1952, the date the judgment of separation was signed and one day prior to their loss by fire. It is fundamental that a judicial separation carries with it not only a separation of property, but a dissolution of the community of acquets and gains.[1] At the precise moment that the community is dissolved, the spouses become co-owners in in-división and retain their separate vested interests in the property until a partition is effected, unless, of course, a partition is made contemporaneously with the'community’s dissolution or unless some other provision of law plainly excludes the property from this co-ownership by the spouses.[2]
Plaintiff argues that the property retained its identity as community property after the judgment of separation and was of that character on the date of its destruction, because no formal partition agreement was signed until after that time. He cites Demourelle v. Allen, 1950, 218 La. 603, 50 So.2d 208, as his authority for this conclusion, although that is not precisely the ratio de-cidendi of this case, and then seeks to establish the hypothesis that since 'the property belonged to the community when 'consumed by fire plaintiff can now recover its full value. An analysis of the decisions from which the Supreme Court was quoting in the Demourelle case, however, clearly shows that such an assertion is not the existing law.[3] We are of the opinion that the clothing and other personal effects destroyed by fire were not community property and that they never became property the ownership of which was jointly shared by plaintiff and Mrs. Roux after the community was dissolved.
The property destroyed by fire, with the exception of some small items of furniture and a television set which, in view of the facts, may also be considered as personal effects, was entirely the clothing of Mrs. Roux, and such articles were never intended under our community property laws to be co-owned by husband and wife after dissolution of the community. Indeed the Revised Civil Code[4] in referring to the inventory which must be made of the community in order for the wife to preserve her right to renounce her one-half interest therein after its dissolution reads:
“Her linen and clothes shall not, in any case, be comprised in the inventory; she has a right to take them without any formality.”
Since no formality is required for the wife to take her clothing and to refrain from inventorying it with the other things which *910 compose .the dissolved community which is awaiting .either renunciation or distribution by partition and because the formality of partition is required of the wife with respect to receiving exclusive ownership of any of the other property which composes the co-owned dissolved community, the conclusion is inescapable that the clothing became exclusively Mrs. Roux’s the moment that the separation judgment was signed. Plaintiff did not own an undivided one-half interest in Mrs. Roux’s clothing for which a partition was necessary. To reason otherwise would not only create a bad rule, followed by bad exceptions as its legitimate offspring, insofar as married women are concerned, but it would in effect be taking the existing law upon the judicial anvil and hammering it into an unexpected shape.
Even if we should assume arguendo that plaintiff did have a one-half interest in his wife’s clothing and other personal effects after the community was dissolved and that a partition was required to divest him of that interest, we are then of the opinion ' that when Mrs. Roux left the matrimonial domicile in Baton Rouge and subsequently moved to New Orleans, taking this property with her and having received both plaintiff’s actual and tacit consent to do so, a partition in fact was effected upon judicial dissolution of the community. The formal partition agreement which the parties entered into eleven days after the judgment of separation was signed obviously was intended by the respective spouses merely to confirm the division in fact which had been made some time ago by mutual consent. Thus under no circumstances that we are aware of may the property destroyed by fire be said to have belonged to plaintiff on the day of the fire; therefore defendant did not insure the loss under that phase of its policy.
Since we have concluded that Mrs. Roux was the exclusive owner of her clothing and personal effects on the day of their destruction, the defendant’s policy covers the loss only if Mrs. Roux was on that same day a member of plaintiff’s family and residing with him. The expression in the contract of insurance “residing with, the Insured” is equivalent to and means having her residence with the insured. It therefore becomes very pertinent to inquire where the person whose property was lost had her residence at the time that the loss was incurred. The facts show that Mrs. Roux was residing in Dublin Street in the City of New Orleans separate ' and apart from her husband. While it is true that by virtue of the judicial decree of separation she was still his wife, she could not in fact or fiction be residing with him as a member of his family when the fire loss occurred because to so hold would be antagonistic to the judicial decree of separation; in effect a reconciliation of the parties would have been established by judicial fiat, and a fortiori the decree of separation would have been abrogated. This would certainly have been contrary to both the facts and the clear intention of the parties.
In view of what we have said, we conclude that under the clear provisions of defendant’s insurance contract with the plaintiff and the specific facts revealed herein, the loss of Mrs. Roux’s personal clothing and effects was not at the time of their destruction by fire covered by the policy; therefore, we find it unnecessary to determine the value of the clothing and other personal effects which were destroyed by fire.
For the reasons assigned the judgment in favor of the defendant dismissing plaintiff’s suit as of non-suit is amended so as to dismiss the suit entirely and with prejudice and as thus amended the judgment is affirmed.
Amended and affirmed.

. Arts. 123, 136, 155, La.Civil Code of 1870.

. Butler v. Bolinger, 1937, 16 La.App. 397, 133 So. 778; also see Arts. 159 and 2403, La. Civil Code of 1870.

. Demourelle v. Allen quotes from Tomme v. Tomme, 1932, 174 La. 123, 127-128, 139 So. 901, 903, which likewise quotes from Succession of Dumestre, 1890, 42 La.Ann. 411, 412-413, 7 So. 624, 625. The latter decision, in discussing the character of community property following dissolution of the community, said, “we take it to he quite plain * * * that the property is not community property, but property held in indivisión and joint ownership * * !! ”. Nonetheless, community debts must often be settled after the community' dissolution and individual interest vesting, and under these circumstances the community has only a fictitious existence at such time for the purpose of liquidation and settlement of community debts. In the instant ease there were no debts to pay nor assets inuring to the community; thus the community did not retain any fictitious existence, and the property itself could not have been community property.

.Art. 2416, La.Civil Code of 1870.