HEARD, Judge.
These actions for personal damages arose from a rear end collision on 1-20 in Bossier City, Louisiana on March 21, 1969, and were consolidated for purposes of trial.
*366 Plaintiff in #11,968, Jerry Causey, was a guest passenger riding in the rear of his father’s % ton truck. Plaintiffs in #11,969 are J. M. Causey, driver of the truck, and his wife and minor son, who were guest passengers in the cab and rear respectively. Made defendants in both cases are L. C. Valentine, the alleged husband of the owner of the other vehicle, and his liability insurer, Allstate Insurance Company. Aetna Casualty & Surety intervened in both suits after having earlier paid plaintiffs under its uninsured motorist’s coverage and being subrogated to their rights.
A motion for summary judgment was sustained in favor of defendants rejecting plaintiffs’ and intervenor’s demands. Plaintiffs only have appealed.
The accident occurred about 8:15 p. m. when a 1969 Mustang owned by Glynn Valentine, alleged to be defendant’s wife, and driven by one Johnny Dean Miller with her consent, struck plaintiff’s truck from the rear. The truck was totally destroyed, and all plaintiffs suffered injuries.
After plaintiffs amended their petitions pursuant to sustained pleas of vagueness, defendants moved for summary judgment alleging: (1) Glynn Valentine was not legally married to L. C. Valentine but lived with him until a month or so before the accident and had been held out to be his wife during that time, and (2) the automobile liability policy filed in the record provided no insurance coverage for the accident alleged.
The only question before this court in considering the motion for summary judgment is whether or not there is a genuine issue of material fact between the parties. LSA-C.C.P. Art. 966. The lower court found there was none, and we con- ' cur. The only possible factual question is the marital status of L. C. and Glynn Valentine. Valentine’s affidavit established he never married Glynn although he did hold her out to be his wife. They separated in early February, 1969 and have not resided together since. After the separation, she traded in her 1968 Volkswagen for the 1969 Mustang involved in the accident. Valentine was unaware of this acquisition. Further, he was unaware of Glynn Gun-ter’s whereabouts, as he lived in Vidalia, and never knew Johnny Miller, the driver, or authorized him in any way to perform any act for him.
In refutation of this affidavit, plaintiffs filed a copy of a 1964 deed showing the vendee to be L. C. Valentine, “a married man living in community with his wife, Glynn Valentine, nee Gunter.” This document in no way contradicts Valentine’s statements, and, in effect supports them. Even if Glynn was his spouse, there can be no application of the community errand doctrine as neither spouse was driving, nor could it be classed as a trip for a community purpose. Under these circumstances, L. C. Valentine cannot be guilty of any independent or vicarious negligence or liability.
As to Allstate’s liability, the policy filed in the record, by its own provisions, clearly excludes any coverage in this case. Glynn was not a “named insured” as she was not a spouse. Even if she was his wife, she was not a resident of the same household, and could not be a “named insured.” The car involved in the accident was not an “owned automobile” as it was not listed on the policy nor was it an auto acquired by the named insured as a replacement vehicle. Even if it had been an “owned automobile” no coverage is available under the policy as neither the owner, Glynn, nor the driver, Miller, were named insureds or residents of Valentine’s household, nor was Miller driving with the permission of the named insured. The policy simply does not allow any coverage in this case.
As there is no genuine issue as to a material fact, and defendants are entitled to a judgment as a matter of law, the granting of the summary judgment is affirmed at appellants’ cost.