291 So.2d 519 (1974)
Phyllis TYLER, Plaintiff-Appellant,
v.
The AETNA CASUALTY AND SURETY COMPANY, Defendant-Appellee.
No. 12208.
Court of Appeal of Louisiana, Second Circuit.
January 8, 1974.
Miller & DeLaune, by Donald R. Miller, Shreveport, for plaintiff-appellant.
Lunn, Irion, Switzer, Johnson & Salley, by Charles W. Salley, Shreveport, for defendant-appellee.
Before AYRES, BOLIN, and WILLIAMS, JJ.
AYRES, Judge.
This is an action upon the provisions of an insurance policy with respect to the coverage of personal effects from loss by theft. Plaintiff seeks to recover one-half of the value of designated personal property allegedly stolen from the insured premises. To plaintiff's actions, defendant insurer successfully interposed an exception of no right of action. From the judgment, plaintiff appealed.
The basis of the exception is that plaintiff was not an insured within the terms of the insurance policy. The policy in this regard provides that:
"a. `Insured' means
"(1) the Named Insured stated in the Declarations of this policy
"(2) If residents of the Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any insured; . . .." (Emphasis supplied.)
The record establishes these pertinent facts:
On the date the policy was issued, June 26, 1970, the named insured, Frank W. Tyler, II, and plaintiff were husband and wife, living together, and residing at 1072 Kent Road, Shreveport, Caddo Parish, Louisiana. Thereafter, on October 4, 1971, they separated and plaintiff removed herself from the common residence and established a separate residence for herself elsewhere. Plaintiff, under date of November 12, 1971, obtained a judgment of separation a mensa et thoro.
The loss occurred on or about November 1, 1971, at the former matrimonial domicile of plaintiff and her husband. The loss was reported on November 2, 1971. The properties allegedly stolen were acquired as *520 assets of the community of acquets and gains formerly existing between the husband and wife. After their separation, the husband invoked against his creditors a voluntary bankruptcy proceeding; whereas plaintiff, his former wife, instituted this action for the value of her one-half interest in the properties allegedly stolen.
From these facts, established by the record, it is clear that plaintiff was not a resident of the named insured's household at the time the loss occurred and, hence, was not an insured.
While the facts in Roux v. Jersey Insurance Company, 98 So.2d 906, 910 (La.App., Orl., 1957), are distinguishable from the instant case in unimportant and immaterial respects, the court there appropriately observed:
". . . The expression in the contract of insurance `residing with, the Insured' is equivalent to and means having her residence with the insured. It therefore becomes very pertinent to inquire where the person whose property was lost had her residence at the time that the loss was incurred." (Emphasis supplied.)
This court had the occasion recently to point out in Causey v. Valentine, 271 So.2d 365, 366 (1972):
"As to Allstate's liability, the policy filed in the record, by its own provisions, clearly excludes any coverage in this case. Glynn was not a `named insured' as she was not a spouse. Even if she was his wife, she was not a resident of the same household, and could not be a `named insured.'" (Emphasis supplied.)
See, also: Neidhoefer v. Automobile Ins. Co. of Hartford, Conn., 182 F.2d 269 (U. S.C.A., 7th Cir., 1950).
We conclude, as did the trial court, that Mrs. Tyler was not a resident of the named insured's household at the time of the loss and, consequently, is not an insured under defendant's policy. As a result, she has no right of action against the insurer.
The judgment appealed is accordingly affirmed at plaintiff-appellant's costs.
Affirmed.