DOMENGEAUX, Judge
This is an appeal from a judgment rejecting the plaintiff’s claim for the death of her daughter, Debra Ann Munson, under the uninsured motorist provision of an insurance policy.
The daughter was killed on March 6, 1983, while a passenger in a truck owned and operated by Gerald Rogers which was rear-ended by an automobile driven by Ernest J. Dupre. The plaintiff settled with the drivers of the two vehicles involved in the accident and their insurers, but now claims the $5,000.00 policy limit from the UM insurer (defendant Southern Security Insurance Company) of a Lincoln automobile owned by Willie McGee, Jr. Plaintiff was living with Mr. McGee without benefit of marriage when the policy was issued and also at the time of the accident. Mr. McGee was not Debra’s father, but she appears to have been living with him and the plaintiff at the time of the accident which caused her demise.
The defendant contends it is not liable because its insurance contract only provides UM coverage for bodily injuries and death of an insured under its policy. The applicable provision of the McGee policy defining that term is as follows:
“(a) Insured. The unqualified word ‘insured’ means:
(1) the named insured and, while residents of the same household, his spouse and the relatives of either;”
Notwithstanding the uncontraverted facts that only Willie McGee, Jr., is the named insured under the policy, that plaintiff was not his spouse, and that Debra was not one of his relatives, the plaintiff contends that when the policy was purchased it was understood with the agent’s office that both she and McGee were to be in *321 sured and that her name also appeared on the application for such policy. Therefore, Debra, as her relative, was an insured within this definition.
We are not convinced there was any agreement that Mrs. Munson was also to be a named insured in the policy, nor does the record contain any written application for the insurance. But even if it did, there is no provision in the policy which makes an application therefor a part thereof.
It is therefore clear that Debra Munson was not an insured under this policy which was issued to Willis McGee, Jr., the named insured. The judgment of the trial court was correct.
For the foregoing reasons the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.