629 So.2d 445 (1993)
Suzanne ROBERTSON, Plaintiff-Appellant,
v.
AETNA CASUALTY & SURETY INSURANCE CO., et al., Defendant-Appellee.
No. 93-523.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1993.
Philip Gardiner Hunter, Alexandria, for Suzanne Robertson.
Larry Alan Stewart, Alexandria, for Aetna Cas. & Sur. Ins. Co., et al.
George Carnal Gaiennie III, Alexandria, for Rapides Parish School Bd., intervenor.
Before LABORDE, COOKS and DECUIR, JJ.
DECUIR, Judge.
This is an appeal by Suzanne Robertson from the granting of a motion for summary judgment in favor of Aetna Casualty and Surety Insurance Company, dismissing plaintiff's suit against Aetna with prejudice.
The record reflects that Ms. Robertson was employed as a school teacher in Rapides Parish on September 7, 1990. On that day, Ms. Robertson allegedly paddled one of her students, Shana Petre. Thereafter, Shana's mother, Lajuana Petre, went to the school where a confrontation ensued with Ms. Robertson. Plaintiff alleges she was injured during an altercation when Ms. Petre pushed her against a wall.
Ms. Robertson filed suit against Lajuana Petre and Aetna alleging that Aetna provided liability insurance coverage pursuant to a homeowner's policy issued to Vincent Petre, Lajuana Petre's ex-husband. It is undisputed that Mr. and Mrs. Petre were divorced in 1986 and were divorced at the time of the alleged incident giving rise to this suit. At the time of the altercation, Vincent Petre was sole owner of the home designated in the policy, having obtained sole ownership in a community property partition. After the divorce, Lajuana Petre and the couple's two children continued to reside at the residence covered by the policy.
Aetna filed a motion for summary judgment on the grounds that Lajuana Petre was not a resident of Vincent Petre's household and was not a "relative" of the named insured, Vincent Petre, under the terms of the policy at issue. The trial judge issued written reasons and rendered judgment in favor of Aetna dismissing plaintiff's demands with prejudice, finding that although Lajuana Petre was a resident of the insured's household, she was not a "relative" of the insured by either blood or marriage within the meaning of the policy. We affirm.
The policy at issue provides coverage to the "insured" which is defined in the policy as follows:
"Insured" means you and residents of your household who are:
a. your relatives; or

*446 b. other persons under the age of 21 and in the care of any person named above.
Plaintiff argues the trial court erred in holding there was no material issue of fact or law to preclude summary judgment and in holding a divorced wife is not a "relative" of her ex-husband under the terms of the homeowner's policy. The sole issue presented is whether under the undisputed facts, Lajuana Petre's status was that of a "relative" under the terms of the policy. This involves an application of uncontested facts to the terms of a contract and thus summary judgment is appropriate. Labit v. Welch, 375 So.2d 139 (La.App. 3d Cir), writ denied 376 So.2d 1271 (1979). Ms. Petre was not related by blood or marriage to the named insured. Hernandez v. Comco Ins. Co., 357 So.2d 1368 (La. App. 4th Cir.1978), writ denied 359 So.2d 1305. Therefore, we conclude that Ms. Petre was not a relative of the named insured under the terms of the policy. See also Munson v. Dupre, 497 So.2d 320 (La.App. 3d Cir.1986).
Affirmed. Costs of appeal are assessed against plaintiff-appellant.