654 So.2d 721 (1995)
Corita Sue ZERINGUE
v.
Augustin Cecil ZERINGUE.
No. 94 CA 1411.
Court of Appeal of Louisiana, First Circuit.
April 7, 1995.
Rehearing Denied June 6, 1995.
*722 Connie L. Johnson, Houma, for Augustin Cecil Zeringue.
Christopher H. Riviere and Walter I. Lanier, III, Thibodaux, for State Farm Fire and Cas. Co.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
LOTTINGER, Chief Judge.
Corita Sue Zeringue sued her former husband, Augustin Cecil Zeringue, for damages for injuries allegedly inflicted upon her by Mr. Zeringue during the course of their marriage. During the marriage Mr. Zeringue carried homeowners insurance with State Farm Fire and Casualty Company (State Farm). Mr. Zeringue called upon State Farm for a defense, and Mrs. Zeringue filed a supplemental petition naming State Farm as a defendant. State Farm filed a motion for summary judgment alleging that under the terms of the insurance contract Mrs. Zeringue was excluded from coverage. The trial court granted summary judgment and Mr. Zeringue appealed.
The policy at issue contains the following language:
I) Coverage L and Coverage M do not apply to:
h) bodily injury to you or any insured within the meaning of part a. or part b. of the definition of insured.
Part a. defines insured as:
4. "Insured" means you and, if residents of your household:
a.) your relatives;
Mr. Zeringue asserts that because the policy does not define the term "relative" and because the jurisprudence has not determined that a spouse is a relative, the policy is ambiguous and summary judgment was improper.
We find no merit in this argument and agree with the trial judge's written reasons for judgment wherein he stated:
While it is true the policy does not define "relative," the term has been held to include a son-in-law. See Hernandez v. Comco Insurance Company, 357 So.2d 1368 (La.App. 4th Cir.), writ den., 359 So.2d 1305 (La.1978). The Hernandez court noted, "as a general rule, when the word `relative' is used in the insurance contracts it is intended to include persons related by marriage as well as by blood." Hernandez, at 1370. Thus it is a fortiori that if relative includes persons related by marriage, such as in-laws, it should include the very person to whom a party is married.
The third circuit recently addressed the issue of whether an ex-wife was a "relative" under the terms of a homeowner's policy in Robertson v. Aetna Casualty & Surety Insurance Co., 629 So.2d 445 (La.App. 3rd Cir. 1993). Citing Hernandez, the third circuit held that an ex-wife was not a relative within the context of an insurance contract because there was no relation by blood or marriage to the named insured. Id. at 446. The third *723 circuit has also held that a daughter-in-law of a named insured is a "relative" within the context of a homeowner's policy. Liprie v. Michigan Millers Mutual Insurance Company, 143 So.2d 597 (La.App. 3rd Cir.1962), cert. denied, Oct. 5, 1962.
The sole issue presented in this case was whether Mrs. Zeringue was a "relative" under the terms of the policy. The jurisprudence clearly indicates that the term "relative" includes persons related by blood as well as by marriage. Thus, the spouse of a named insured is a "relative" within the context of a homeowner's policy.
For these reasons, we affirm the trial judge's grant of summary judgment in favor of State Farm.
We next address State Farm's answer to this appeal wherein it alleges that this appeal is frivolous and seeks attorney fees and costs. We agree that this is a frivolous appeal.
Damages for frivolous appeal are only awarded when it clearly appears that the appeal was taken for the purpose of delay or that counsel for the appellant does not seriously believe his legal position. Michael v. Michael, 602 So.2d 1099, 1103 (La.App. 1st Cir.1992); Boulet v. Foti, 539 So.2d 843, 845 (La.App. 3rd Cir.), writ denied, 541 So.2d 841 (La.1989). State Farm urges that the appeal was without merit and made only to delay its dismissal from this action.
Mr. Zeringue's brief contained only two pages of argument. In the argument, he cites Hernandez, the same case relied upon by the trial court in its reasons for judgment. Mr. Zeringue does not attempt to distinguish Hernandez from the present case. Instead, Mr. Zeringue merely states that he has found no other cases defining "relative" in the context of an insurance contract. We, however, quickly located several other cases. Robertson, 629 So.2d 445 (Ex-wife is not a "relative".)[1]; Buxton v. Allstate Insurance Company, 434 So.2d 605 (La.App. 3rd Cir. 1983) (Indicating that a sister is a "relative".); Liprie, 143 So.2d 597 (A daughter-in-law is a "relative".).
We find that there were no serious legal questions involved in this appeal. Mr. Zeringue's casual, unsupported comment at the summary judgment hearing that, "[Mrs. Zeringue's] not a relative; she's just a spouse," illustrates the lack of a serious legal position. We find that this is a frivolous appeal for which attorney's fees and costs may be awarded under La.Code Civ.P. art. 2164.
We believe that $750 is adequate attorney's fees for the cost of defending this frivolous appeal. Additionally, we assess all costs of this appeal against Mr. Zeringue.
AFFIRMED AS AMENDED.
SHORTESS, J., dissents in part only as to the award of attorneys fees.
SHORTESS, Judge, dissenting.
I dissent only from that portion of the majority opinion which casts the appellant with attorney fees.
We can award damages only when "the position advocated is so ridiculous or so opposed to rational thinking that it is evident beyond any doubt that it is being deliberately professed for ulterior purposes." Hampton v. Greenfield, 618 So.2d 859, 863 (La.1993), quoting Parker v. Interstate Life & Acc. Ins. Co., 248 La. 449, 457, 179 So.2d 634, 637 (1965). If the legal issue has not been decided by the supreme court and counsel seems sincere, damages should not be awarded. See Southern Coal Co. v. Sundbery & Winkler, 158 La. 386, 104 So. 124, 125 (1925); Comment, Damages for Frivolous Appeal, 45 La.L.Rev. 137, 139 (1984).
I respectfully dissent.
NOTES
[1] While Robertson was rendered nine days before the hearing on the summary judgment motion, appellate briefs were filed ten months after the decision.