944 So.2d 584 (2006)
Melanie D. RIDENOUR, by and on behalf of her Minor Daughter, Christine Ridenour, and Melanie D. Ridenour, Individually
v.
Cheri S. REED, a.k.a. Cheri L. Goode, Liberty Mutual Fire Insurance Company, Jennifer Harris, and American Modern Home Insurance Company.
No. 2005 CA 1849.
Court of Appeal of Louisiana, First Circuit.
September 20, 2006.
*585 Jeffry L. Sanford, Baton Rouge, Counsel for Plaintiff/Appellant Melanie Ridenour.
F. Scott Kaiser, Erin Wilder-Doomes, Gregory T. Stevens, Baton Rouge, Counsel for Defendant/Appellee American Modern Home Insurance Company.
Kimberly L. Hood, Baton Rouge, Counsel for Defendant Jennifer Harris.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
GUIDRY, J.
The mother of a minor child who was injured by a dog appeals a summary judgment rendered in favor of an insurance company defendant. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
On November 7, 2003, five-year-old Christine Ridenour accompanied her father on a visit to the home of Jennifer Harris, located at 36053 Race Horse Road in Pearl River, Louisiana. In the course of the visit, the minor child of Jennifer Harris' neighbor invited Christine next door to play with the child's dog and the dog's puppies. While she was visiting in the neighbor's home, the dog attacked *586 Christine, inflicting bite and scratch wounds to Christine's face, left leg, and hip.
Melanie Ridenour, Christine's mother, filed a petition for damages, individually and on behalf of Christine, for the injuries suffered by Christine in the neighbor's home. Ms. Ridenour named Jennifer Harris, for her alleged negligent supervision of Christine while the child was entrusted to her care, and American Modern Home Insurance Company (American Modern), as the alleged liability insurer of Jennifer Harris, as defendants in the petition.[1] American Modern answered the petition denying all liability and later filed a motion for summary judgment, asserting that Jennifer Harris was not an insured under policy number XXXXXXXXXXXXX issued to James Harris to insure the property located at 36053 Race Horse Road. The trial court granted the motion for summary judgment in favor of American Modern following the trial on the motion, which judgment Ms. Ridenour devolutively appeals.

APPLICABLE LAW
Appellate courts review the granting of a motion for summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment was appropriate. Bel v. State Farm Mutual Automobile Insurance Co., 02-0360, p. 3 (La.App. 1st Cir. 2/14/03), 845 So.2d 459, 461, writ denied, 03-0734 (La. 5/30/03), 845 So.2d 1058. Summary judgment shall be rendered if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
Interpretation of an insurance policy usually involves a legal question that can be properly resolved in the framework of a motion for summary judgment. Bonin v. Westport Insurance Corporation, 05-0886, p. 4 (La. 5/17/06), 930 So.2d 906, 910. An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. LeBlanc v. Aysenne, 05-0297, p. 3 (La. 1/19/06), 921 So.2d 85, 89.
The Civil Code provides that interpretation of a contract is the determination of the common intent of the parties and when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. arts. 2045 and 2046. Thus, in interpreting the subject insurance policy, the words of the policy should be given their generally prevailing meaning, and words susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract. See La. C.C. arts. 2047 and 2048. Each provision of the policy must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole, and it must be interpreted to cover only those things it appears the parties intended to include. See La. C.C. arts. 2050 and 2051.

*587 DISCUSSION
Ms. Ridenour named American Modern as a defendant in the underlying suit based on the allegation that a homeowner's policy issued by the insurer provided personal liability coverage to Jennifer Harris for the negligence she is alleged to have committed relative to the injuries sustained by Christine on November 7, 2003. Ms. Ridenour contends that the trial court erred in failing to find that Jennifer Harris was an "insured person" entitled to coverage under the American Modern policy (the policy).
The declarations page of the policy lists James H. Harris as the named insured and 36053 Race Horse Road, Pearl River, Louisiana 70452, as the insured property. The policy further provides personal liability coverage for claims of bodily injury or property damage brought against any "insured person."[2] Several key terms are identified in the definitions section of the policy to facilitate the interpretation of the policy language and coverage. Some of the more pertinent definitions listed in the definitions section include:
1. "You" and "your" mean the insured named on the Declarations Page and the spouse, if a resident of the same household.
* * *
6. "Insured person", when used in SECTION II [Liability Coverage section including personal liability] of the policy, means
(a) you;
(b) your relatives who are residents of the insured premises which is listed on the Declarations Page;
* * *
16. "Resident" means a person living permanently in your home. A person temporarily living in your home shall not be considered a resident.
17. "Relative" means a person living in your insured premises related to you by blood, marriage or adoption, including a ward or foster child.
The marriage between Jennifer and James Harris was terminated by a judgment of divorce on September 19, 2003. The incident sued upon occurred on November 7, 2003, almost two months following the termination of the Harris marriage. Thus, at the time of the incident, Jennifer Harris was no longer the "spouse" of James Harris and as such, no longer qualified as an "insured person" under the plain language of the policy.
Ms. Ridenour nevertheless contends that Jennifer Harris is an insured person entitled to coverage under the policy, relying on Burglass v. United States Fidelity and Guaranty Company, 427 So.2d 596 (La.App. 5th Cir. 1983), to support her claim that Ms. Harris still qualified as an "insured person" under the policy despite her divorce from the named insured. We disagree with the holding in that case and decline to follow it.
Instead, we find the reasoning followed by the court in Robertson v. Aetna Casualty & Surety Insurance Co., 629 So.2d 445, 446 (La.App. 3d Cir. 1993), to be applicable. In Robertson, the plaintiff tried to seek *588 coverage for her claims under a homeowner's policy insuring the home in which the former wife of the named insured lived. The named insured in that case owned the home, having obtained sole ownership of the home in the partition of the couple's community property, but allowed his former wife and their children to reside in the home following the couple's divorce and the community property partition. Robertson, 629 So.2d at 445. The insurer in that case was granted summary judgment declaring that the former wife was not an insured under the policy. The court held that the former wife did not qualify as an insured, which was defined in the policy as residents of the named insured's household who are relatives of the named insured, and affirmed the trial court's conclusion that because the named insured's former wife was not related to him by blood or marriage, she was not a relative of the named insured. Robertson, 629 So.2d at 446.
Although Jennifer Harris still held an undivided, one-half ownership interest in the property located on Race Horse Road at the time of the incident, it is important to note that the incident being sued upon did not occur on the premises of the insured property. Moreover, even though Jennifer Harris may have qualified as an insured at the time the policy first became effective, the critical date for determining a person's status under the policy is at the time of an occurrence for which coverage is sought. Compare Clements v. Folse ex rel. Succession of Clements, 01-1970, p. 8 (La.App. 1st Cir. 8/14/02), 830 So.2d 307, 314 n. 6, writ denied, 02-2328 (La. 11/15/02), 829 So.2d 437 (wherein the court stated that the use of the term "spouse" in the insurance policy was not ambiguous and merely referred to the person occupying that status at the time of the occurrence for which the policy provided coverage, in that case, the death of the insured) and Tyler v. Aetna Casualty and Surety Company, 291 So.2d 519 (La.App. 2nd Cir. 1974) (wherein the court held that although at the time the policy was issued the named insured and his spouse were living together, and thus the spouse was a resident of the named insured's household, at the time the loss occurred, the spouse had established a separate residence and thus was no longer a resident of the named insured's household for purposes of coverage).
Consequently, because Jennifer Harris did not occupy the status of "spouse" at the time the incident occurred for which coverage under the policy is being sought, she is not an "insured person" entitled to coverage and the trial court properly rendered summary judgment in favor of the insurer.

CONCLUSION
We affirm the summary judgment granted in favor of American Modern Home Insurance Company, declaring that Jennifer Harris is not an insured under its policy. All costs of this appeal are assessed to the appellant, Melanie Ridenour.
AFFIRMED.
NOTES
[1] Others named as defendants in the petition are not listed since they are not pertinent to this appeal.
[2] Specifically, the policy provides:

PERSONAL LIABILITY COVERAGE
If a claim is made or a suit is brought against any insured person for damages because of bodily injury or property damage to which this coverage applies, we will:
1. pay up to our liability limit for the damages for which the insured person is legally liable, except for punitive or exemplary damages;. . . .