McClendon, j.
 

 |2The plaintiff, Dwight Sterling, appeals from a judgment in favor of the defendants, Allstate Insurance Company (Allstate), Blakely Parent, Camilla Parent, and Zachary Parent.
 
 [1]
 
 For the following reasons, we affirm.
 

 FACTUAL AND PROCEDURAL HISTORY
 

 This matter arises out of an automobile accident that occurred at approximately 9:59 a.m. on May 24, 2007, in Baton Rouge Louisiana. Mr. Sterling was driving his Ford pickup truck eastbound on Winb-ourne Street at the intersection of Mission Street, when a Ford Taurus operated by the unknown defendant, John Doe, and owned by the defendant, Blakely Parent, was traveling northbound on Mission Street and ran the stop sign, resulting in a collision between the two vehicles. Shortly after the accident, John Doe and two passengers exited the Taurus and fled the scene.
 

 Mr. Sterling filed a petition for damages on November 28, 2007, naming Allstate, John Doe, and Blakely Parent as defendants. In his petition, Mr. Sterling asserted negligent entrustment of the Parent vehicle to another at the time of the accident, when there was in full force and effect a policy of automobile liability insurance issued by Allstate to Mr. Parent, which covered the actions of John Doe. In a supplemental and amending petition, Mr.
 
 *357
 
 Sterling added Zachary Parent as a defendant and asserted that Zachary had permission from his parents, Blakely and Camilla Parent, to use the vehicle and that he in turn gave permission to the unknown driver who was involved in the accident. Allstate answered the petition generally denying its allegations and further asserting that the policy of insurance issued to the Parents did not provide coverage for the accident, because at the time of the accident the Parent vehicle was being driven by someone who did not have permission to drive the vehicle.
 

 Following a bench trial on March 16, 2009, the trial court concluded that there was no evidence of negligent entrustment. Additionally, the court ^determined that Mr. Sterling did not meet his burden of proving that the unknown driver involved in the accident was a permissive driver under the terms of the insurance policy. Accordingly, judgment was rendered in favor of the defendants, dismissing Mr. Sterling’s suit with prejudice.
 

 Mr. Sterling appealed, asserting that 1) the driver of the Parent vehicle that caused the accident had permission from Zachary Parent to use the vehicle at the time of the accident, and 2) he met his burden of proving negligent entrustment when Zachary Parent lent his car to John Doe.
 

 STANDARD OF REVIEW
 

 It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.”
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989). The issue to be resolved by a reviewing court is not whether the trier-of-fact was right or wrong, but whether the factfin-der’s conclusion was a reasonable one.
 
 Stobart v. State, through Dep’t of Transp. and Dev.,
 
 617 So.2d 880, 882 (La.1993). If the findings are reasonable in light of the record reviewed in its entirety, this court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.
 
 Rosell,
 
 549 So.2d at 844. Thus, where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.
 
 Stobart,
 
 617 So.2d at 883.
 

 DISCUSSION
 

 Zachary Parent testified by deposition. Zachary stated that he was on probation and his mother let him use the Taurus for a court-scheduled substance abuse meeting. On the way to the meeting, Zachary picked up his paycheck and stopped at a bar. He testified that he has had problems with cocaine for years and was in treatment, but “went off the deep end.” Zachary stated that he went to a house and bought “a bunch of crack cocaine.” While there, someone he did not know, but who was called “Ray Jay” or “Ray Ray,” needed a car to pick up his children. Zachary stated he did not know his real name, but Ray Jay had justhgotten off the telephone and was “really excited.” Zachary stated that “it seemed like he was in an emergency situation, so I just lent him my car.” When asked if the individual he loaned the car to was involved with the drugs, Zachary responded, “No, not at all.” However, Ray Jay did not bring the car back in a few hours, as he said he would. Ray Jay called a few times to say he was on his way back, but he did not show up. Zachary stated that he lent the car on May 22 and the accident was on May 24. He also stated that he was sober when he lent out his car keys.
 

 Mr. Sterling initially asserts that because Zachary was given permission by his parents to use the vehicle, and Zachary, in
 
 *358
 
 turn, gave permission to an unidentified person to use the vehicle, and because there was no evidence that the vehicle was used by anyone else, he has shown permissive use of the Taurus. Thus, Mr. Sterling contends that the trial court erred in failing to find that his damages are covered under the insurance policy.
 

 The Allstate insurance policy in effect at the time of the accident defined “Insured Persons,” in part, as:
 

 (1) While using your insured auto:
 

 a) you,
 

 b) any resident, and
 

 c) any other person using it with your express or implied permission.
 

 Also, LSA-R.S. 32:900 provides coverage to any person using the vehicle with the express or implied permission of the insured.
 
 [2]
 
 Zachary testified that he was living with his parents at the time he lent the Taurus to the individual called Ray Jay. Thus, under the terms of the policy, Zachary was clearly an insured. The question is whether John Doe, the unknown driver at the time of the accident, was a permissive user.
 

 In its oral reasons, the trial court considered the length of time that elapsed between May 22, the date Zachary testified that he loaned the Taurus to |r,the individual at the crack house, and May 24, the date of the accident. The court stated that if the accident was fifteen minutes later, it would have been a lot easier to find a permissive driver. However, two days having elapsed prior to the accident, the court could not conclude that the person to whom Zachary gave the keys was the same person driving the vehicle at the time of the accident.
 
 [3]
 
 Accordingly, the trial court determined that Mr. Sterling failed in his burden of proving that at the time of the accident the Taurus was being driven by a permissive user.
 

 The record lacks any evidence as to how John Doe, the driver of the Taurus at the time it was involved in the accident with Mr, Sterling, came into possession of the vehicle. Thus, the trial court correctly held that there was no coverage for John Doe as the evidence failed to establish that he was a permissive user. Upon a thorough review of the record, we find no manifest error in this factual conclusion.
 

 Mr. Sterling further asserts that Zachary should have known that Ray Jay was an incompetent driver and that Zachary was negligent in entrusting his mother’s car to someone at a crack house. Thus, according to Mr. Sterling, the trial court erred in failing to find that he met his burden of proof as to negligent entrustment.
 

 In Louisiana, owners of motor vehicles are ordinarily not personally liable for damages that occur while another is operating the vehicle. Exceptions to this rule occur only when the driver is on a mission for the owner of the vehicle, when the driver is an agent or employee of the owner, or when the owner is himself or herself negligent in entrusting the vehicle to an incompetent driver.
 
 Brown v. Unknown Driver,
 
 05-0421, p. 8 (La.App. 4
 
 *359
 
 Cir. 1/18/06), 925 So.2d 583, 588 (citing
 
 Ruthardt v. Tennant,
 
 252 La. 1041, 1054-55, 215 So.2d 805, 810 (La.1968)).
 

 | ¡¡Under the theory of negligent en-trustment, the lender of a vehicle is not responsible for the negligence of the borrower unless he knew or should have known that the borrower was physically or mentally incompetent to drive; if the lender knew or should have known of the borrower’s incompetence, then he is responsible for the harm resulting from the incompetent operation of the vehicle.
 
 Brown,
 
 05-0421 at p. 8, 925 So.2d at 589.
 

 In oral reasons, the trial court determined that there was no evidence to establish negligent entrustment on the part of either the Parents or Zachary. The court found that no evidence was presented to show that it was negligent for Mrs. Parent to loan the vehicle to Zachary. The court found that the fact that Zachary was in treatment was not sufficient, by itself, to show negligent entrustment. We agree. The trial court further determined that no evidence was presented to show that Zachary was negligent in loaning, the vehicle to the individual at the crack house. We believe that under certain circumstances, requiring a fact-intensive analysis, there may be negligent entrustment when the keys to a vehicle are handed to an excited unknown individual at a crack house. However, in this case, the trial court determined that the individual to whom the keys were given was not the John Doe involved in the accident at issue. We found no manifest error in that factual determination. Further, the record is totally devoid of any evidence as to how the vehicle operator came to be in possession of the vehicle prior to the accident. Thus, under these circumstances, it is unnecessary for us to determine whether the grant of permission to the individual at the crack house was negligent entrustment, as he was found not to be the operator of the vehicle when the accident occurred. Therefore, we find no error in the trial court’s determination that Mr. Sterling failed in his burden of establishing negligent entrustment.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to the plaintiff, Dwight Sterling.
 

 AFFIRMED.
 

 [1]
 

 . Although Camifia Parent is mentioned in the judgment, she was not added as a defendant in this action.
 

 [2]
 

 . LSA-R.S. 32:900 B(2) provides that a policy of motor vehicle liability insurance shall insure "any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles.”
 

 [3]
 

 . We also note that Mr. Sterling testified that John Doe and the passengers in the vehicle appeared to be between sixteen and eighteen years old. Zachary testified that the individual he loaned his, car to stated that he needed a car to pick up his children.