# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

JEREMY LANOUX

VERSUS

DANIEL GUITREAU, JR., AND
SHELTER GENERAL INSURANCE
COMPANY

NO. 2021 CW 0142

CONSOLIDATED WITH

NO. 2021 CW 0215

CONSOLIDATED WITH

NO. 2021 CW 0324
Page 1 of 3

**JUNE 23, 2021**

---

In Re: Daniel Guitreau, Jr., Shelter General Insurance Company, and Daniel Guitreau, Sr., applying for supervisory writs, 23rd Judicial District Court, Parish of Ascension, No. 120680.

---

**BEFORE: THERIOT, WOLFE, AND HESTER, JJ.**

**WRIT GRANTED.** The portion of the trial court's February 18, 2021 judgment which denied, in part, the motion for summary judgment filed by defendant, Daniel Guitreau, Jr., is reversed. Generally, an owner of a vehicle is not personally liable for damages which occur while another is operating the vehicle. **Stokes v. Stewart**, 99-0878 (La. App. 1st Cir. 12/22/00), 774 So.2d 1215, 1218. Exceptions to this rule occur only when the driver is on a mission for the owner of the vehicle, when the driver is an agent or employee of the owner, and when the owner is himself negligent in entrusting the vehicle to an incompetent driver. **Id.** Under the negligent entrustment theory, the lender of a vehicle is not responsible for the negligence of the borrower, unless he had or should have had knowledge that the borrower was physically or mentally incompetent to drive. **Id.** at 1219. In this case, plaintiff, Jeremy Lanoux, alleges Daniel Guitreau, Jr. is liable for negligently entrusting a zero-turn lawn mower to defendant, Jamie Johnson, who allegedly drove the subject lawn mower into the plaintiff's leg. In his motion for summary judgment, Daniel Guitreau, Jr. pointed out an absence of evidence as to his knowledge that Jamie Johnson was physically or mentally incompetent to operate the zero-turn lawnmower at issue. Plaintiff, Jeremy Lanoux, failed to present sufficient evidence to establish the existence of a genuine issue of material fact as to Daniel Guitreau, Jr.'s knowledge that Jamie Johnson was physically or mentally incompetent to operate the lawn mower at the time of entrustment, or as to Daniel Guitreau, Jr.'s liability under any other theory of negligence. See La. Code Civ. P. arts. 966(A)(3) and (D)(1). See also **Stokes**, 774 So.2d at 1220; **Sterling v. Allstate Ins. Co.**, 2009-1191 (La. App. 1st Cir. 2/12/10), 35 So.3d 355, 359. Accordingly, Daniel Guitreau, Jr.'s motion for summary judgment is granted, and plaintiff's, Jeremy Lanoux's, claims against him are dismissed with prejudice.

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

No. 2021 CW 0142

CONSOLIDATED WITH

NO. 2021 CW 0215

CONSOLIDATED WITH

NO. 2021 CW 0324

Page 2 of 3

The trial court's February 2, 2021 judgment which denied the motion for summary judgment filed by defendant, Shelter General Insurance Company, is reversed. Interpretation of an insurance policy usually involves a legal question, which can be resolved properly in the framework of a motion for summary judgment. **Bonin v. Westport Ins. Corp.**, 2005-0886 (La. 5/17/06), 930 So.2d 906, 910. An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. **LeBlanc v. Aysenne**, 2005-0297 (La. 1/19/06), 921 So.2d 85, 89. The Civil Code provides that interpretation of a contract is the determination of the common intent of the parties and when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. Civ. Code arts. 2045 and 2046. In its motion for summary judgment, Shelter General Insurance Company pointed out an absence of evidence to establish that Jamie Johnson is an insured under the homeowners insurance policy Shelter General Insurance Company issued to Daniel Guitreau, Jr. The evidence attached to Shelter General Insurance Company's motion for summary judgment, including the plain language of the subject policy, makes clear Jamie Johnson is not an insured under the terms of the policy. See **Robertson v. Aetna Cas. & Sur. Ins. Co.**, 629 So. 2d 445 (La. App. 3d Cir. 1993). In addition, this court has dismissed with prejudice plaintiff's claims against Daniel Guitreau, Jr., and accordingly, Shelter General Insurance Company bears no liability in this matter. Accordingly, Shelter General Insurance Company's motion for summary judgment is granted, and plaintiff's, Jeremy Lanoux's, claims against it are dismissed with prejudice.

The trial court's March 3, 2021 judgment which denied the motion for summary judgment filed by defendant, Daniel Guitreau, Sr., is reversed. The owner or custodian of a thing is answerable for damage occasioned by its vice or defect only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. La. Civ. Code art. 2317.1. In his motion for summary judgment, Daniel Guitreau, Sr. pointed out an absence of evidence to establish that the zero-turn lawn mower owned by him, and operated by Jamie Johnson at the time of plaintiff's alleged injuries, contained a vice or defect.

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

NO. 2021 CW 0142

CONSOLIDATED WITH

NO. 2021 CW 0215

CONSOLIDATED WITH

NO. 2021 CW 0324

PAGE 3 OF 3

Daniel Guitreau, Sr. further pointed out an absence of evidence demonstrating that he negligently entrusted the subject lawn mower to Jamie Johnson. Plaintiff, Jeremy Lanoux, failed to present any evidence to establish that the subject lawn mower contained a vice or defect. Plaintiff also failed to present sufficient evidence to establish the existence of a genuine issue of material fact as to Daniel Guitreau, Sr.'s knowledge that Jamie Johnson was physically or mentally incompetent to operate the lawn mower at the time of entrustment. See **Stokes**, 774 So.2d at 1220; **Sterling**, 35 So.3d at 359. Accordingly, Daniel Guitreau, Sr.'s motion for summary judgment is granted, and plaintiff's, Jeremy Lanoux's, claims against him are dismissed with prejudice.

**MRT**
**EW**
**CHH**

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT