478 So.2d 1005 (1985)
GLASS SERVICES UNLIMITED, Plaintiff-Appellee,
v.
MODULAR QUARTERS, INC., Defendant-Appellant.
No. 84-777.
Court of Appeal of Louisiana, Third Circuit.
November 20, 1985.
Gibbens & Blackwell, J. Louis Gibbens, New Iberia, for defendant-appellant.
Kenneth E. Badon, Lake Charles, for plaintiff-appellee.
Craig W. Marks, Lafayette, John P. Menard, Jr. and G. Bruce Parkerson, New Orleans, for defendants-appellees.
Before DOMENGEAUX, LABORDE and KNOLL, JJ.
*1006 KNOLL, Judge.
Modular Quarters, Inc. (Modular) appeals the dismissal of its third-party action against its liability insurer, Great Atlantic Insurance Company (Great Atlantic) on a motion for summary judgment. The trial court concluded that Modular's claim was based on an agreement to do subcontract construction work for Par Industries, Inc. (Par) and was excluded because the Great Atlantic insurance policy did not provide coverage for Modular's contractual liability. Modular contends that the trial court erred: (1) in not finding that the agreement between Modular and Par was an easement within the meaning of Great Atlantic's insurance policy; (2) in holding that Modular's agreement with Par was not a lease within the meaning of Great Atlantic's insurance policy; (3) in not construing the ambiguous policy provisions against Great Atlantic; and (4) in failing to find that there was a genuine issue of material fact. We affirm.

FACTS
Glass Services Unlimited (Glass Services) brought suit against Par to recover property damages and loss of use as the result of the destruction of a pickup truck and plate glass owned by Glass Services. Particularly, Glass Services alleged that a crane owned by Par struck Glass Services's pickup on Par's property at the Port of Iberia. Par settled with Glass Services, and then filed a third-party claim against Modular pursuant to a contract it had with Par in which Modular agreed to indemnify Par from any suits which may result from or in any way be connected with services and work performed by Modular for Par. Modular then filed a third-party demand against Great Atlantic, its liability insurer.

SUMMARY JUDGMENT
Modular contends that coverage exists under the Great Atlantic policy because its written agreement with Par is an incidental contract under the meaning of the liability policy. It argues that the trial court erred in failing to hold Great Atlantic liable to Modular under the insurance contract.
Summary judgment is designed to dispose of frivolous demands and defenses. It is appropriate only when there is no genuine issue of material fact and mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Schaefer v. Lynch, 406 So.2d 185 (La.1981). Only when reasonable minds must inevitably concur is summary judgment warranted, and any doubts should be resolved in favor of trial on the merits. Verrett v. Cameron Telephone Co., 417 So.2d 1319 (La.App. 3rd Cir.1982), writ denied, 422 So.2d 164 (La. 1982).
On a motion for summary judgment the trial court must first determine whether the moving party's supporting documents sufficiently resolve all material issues of fact. If the supporting documents are insufficient, the motion for summary judgment must be denied. Only if the supporting documents are sufficient does the burden shift to the opposing party to present evidence of material facts at issue; if mover meets this burden then the opposing party can no longer rest on the allegations and denials contained in the pleadings. Chargois v. Trip-L-Quik, 441 So.2d 45 (La.App. 3rd Cir.1983).
The exclusions provided in Great Atlantic's liability insurance policy state:
"This insurance does not apply to liability assumed by the insured under any contract or agreement, except in an incidental contract, but with respect to bodily injury or property damage occurring while work performed by the named insured is in progress, this exclusion does not apply to a warranty that such work will be done in a workmanlike manner."
"Incidental contract" is defined in the Great Atlantic policy as:

"... any written (1) lease of premises, (2) easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify *1007 a municipality by municipal ordinance, except in connection with work for the municipality, (4) sidetrack agreement, or (5) elevator maintenance agreements."

The rules governing the interpretation of written agreements apply to insurance contracts. Martin v. Phillips, 356 So.2d 1016 (La.App. 1st Cir.1977). As in the case of other written agreements, the terms and provisions of an insurance contract are construed in their general and popular meaning. Nida v. State Farm Fire & Cas. Co., 454 So.2d 328 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 486 (La.1984). Any ambiguity in an insurance contract shall be construed against the insurer. Jennings v. Louisiana and Southern Life Ins. Co., 280 So.2d 297 (La.App. 1st Cir.1973). Where the language of an insurance contract is clear and free of ambiguity, it constitutes the contract between the parties and must be enforced as written. Cole v. State Farm Mut. Auto Ins. Co., 427 So.2d 522 (La.App. 3rd Cir.1983), writ denied, 433 So.2d 710 (La.1983). An insurance contract must be interpreted as a whole; all terms and provisions of the policy must be construed together to ascertain the intent of the parties. Elledge v. Warren, 263 So.2d 912 (La.App. 3rd Cir.1972), writ refused, 262 La. 1096, 266 So.2d 223 (1972).
The written indemnity agreement between Modular and Par is the sole basis for Par's claim against its insurer, Great Atlantic, is excluded unless Modular can establish that Par's agreement is an incidental contract under the term and provisions of the insurance agreement. Modular argues that its agreement with Par was an incidental contract under the intendment of the Great Atlantic policy, being either a lease or an easement. We disagree.
Modular's argument ignores the basic fact that the object of Modular's contract with Par was neither "the enjoyment of a thing" as contemplated in a lease, nor the legal privilege to be on Par's property as is customarily associated with a conventional easement (servitude). Rather, the object of the contract was Modular's construction of living quarters and related construction operations for Par at a price to be negotiated. Although there is no doubt Modular was required by its agreement to perform services at Par's facilities in New Iberia, its presence at Par's operations was not by virtue of a conventional servitude or lease, but rather was an integral part of the construction contract. Furthermore, the monetary consideration between Par and Modular constituted no more than Par's payment to Modular for construction work performed. Therefore, Modular has failed to establish that this contract was either a lease or an easement as envisioned by the Great Atlantic insurance policy. Compare: Piper v. Central Louisiana Elec. Co., 446 So.2d 939 (La.App. 3rd Cir.1984).
Finally, a determination of whether Par's contract with Modular was an incidental contract under Great Atlantic's policy of insurance is a question of law. The terms of neither the Par-Modular contract nor the Great Atlantic insurance policy are ambiguous. The record supports that there are no genuine issues of material fact. The conclusion is inescapable that the contract of insurance excludes Modular's claim against Great American. Therefore, we find that the trial court did not err in granting Great Atlantic's motion for summary judgment.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed against Modular Quarters, Inc.
AFFIRMED.