528 So.2d 749 (1988)
Robert ROCKHOLD
v.
DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, and The Travelers Insurance Company.
No. CA-9200.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1988.
Rehearing Denied August 11, 1988.
*750 Kevin O'Bryon, Leake and Anderson, New Orleans, for defendant-appellant.
Clare W. Trinchard, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants-appellees.
Before WARD and ARMSTRONG, JJ., and HUFFT, J. Pro Tem.
PRESTON H. HUFFT, Judge Pro Tem.
On October 10, 1982, plaintiff, Robert Rockhold was driving a truck which stalled on the Camp Street ramp of the Greater New Orleans Mississippi River Bridge. The truck was owned by plaintiff's employer, Browning-Ferris Industries, Inc., and was being used by plaintiff within the scope of his employment.
Mississippi River Bridge Authority policeman Harris Farlough arrived at plaintiff's truck with a tow truck and prepared to tow the stalled vehicle off of the bridge. Farlough instructed the plaintiff to remain in the stalled vehicle in order to steer it while it was being towed. While towing plaintiff's truck, Farlough came to an abrupt stop which caused plaintiff's truck to collide with the rear of the tow truck. In this accident, plaintiff suffered serious injury to his knee.
On April 8, 1983, plaintiff filed suit against Farlough's employer, the Louisiana Department of Transportation and Development (of which the Mississippi River Bridge Authority is a division) and its insurer, Travelers Insurance Company, claiming that Farlough's negligence was the sole cause of the accident which caused plaintiff's injuries. On October 12, 1983, plaintiff's employer, Browning-Ferris Industries, Inc., filed a petition of intervention seeking recovery of workers compensation and medical benefits paid to plaintiff. This intervention claim was later satisfied by the Department of Transportation and Development and Travelers Insurance Company.
On December 19, 1984, the Department of Transportation and Development and Travelers Insurance Company filed a third party demand against Browning-Ferris Industries for indemnification in the event of being cast in judgment on the main demand or, alternatively, for contribution from Browning-Ferris Industries as co-insurer. On February 26, 1985, the plaintiff settled his claims on the principal demand with the Department of Transportation and Development and Travelers Insurance Company.
On April 7, 1986, the Department of Transportation and Development and Travelers Insurance Company amended their third party demand to add Ranger Insurance Company and H.S. Weavers (Underwriting) Agencies, Ltd. The third party plaintiffs claimed Farlough was an "insured" under the omnibus clause of the Ranger and Weavers insurance policies and the self-insurance certificate of Browning-Ferris Industries and sought indemnification or, alternatively, contribution from Ranger, Weavers and Browning-Ferris Industries as co-insurers for the settlement made between plaintiff and the defendants-third party plaintiffs.
Subsequently, the Department of Transportation and Development and Travelers Insurance Company filed a Motion for Partial Summary Judgment against all of the third party defendants claiming to be entitled to judgment as a matter of law recognizing the status of Farlough as an "insured" under any insurance and/or self-insurance *751 coverage existing in favor of the vehicle occupied by plaintiff at the time his injuries were sustained. The third party defendants then filed their own Motion for Summary Judgment against the third party plaintiffs claiming that no issue of material fact existed and that they were entitled to judgment as a matter of law.
On July 28, 1987, the trial judge granted the Motion for Summary Judgment filed by the third party defendants, denied the Motion for Partial Summary Judgment filed by the third party plaintiffs, and dismissed the third party demand. The third party plaintiffs, Department of Transportation and Development and Travelers Insurance Company, now appeal.
With respect to Browning-Ferris Industries, appellants argue that the Certificate of Self-Insurance issued by the State of Louisiana to Browning-Ferris Industries in accordance with the provisions of LSA-R.S. 32:1042 affords omnibus insurance coverage to anyone using a vehicle owned by the self-insured with the permission of the self-insured in the same manner as the omnibus coverage clause in an automotive liability insurance policy. The Trial Judge could find no provision of R.S. Title 32 to support the holding that a Certificate of Self-Insurance under LSA-R.S. 32:1042 affords omnibus insurance coverage.
LSA-R.S. 32:861 provides that every self-propelled motor vehicle registered in the State of Louisiana (except certain classifications of vehicles not pertinent to this case) shall be covered by an automobile liability policy with liability limits as defined by LSA-R.S. 32:900(B)(2) or a binder for same; or by a motor vehicle liability bond as defined in LSA-R.S. 32:861(B); or by a certificate of the state treasurer stating that cash or securities have been deposited with said treasurer as provided by LSA-R.S. 32:861(C); or by a certificate of self-insurance as provided by LSA-R.S. 32:1042.
With respect to the automobile liability policy referred to above, LSA-R.S. 32:900(B)(2) requires the policy to insure the person named in the policy and any other person, as insured, using any such motor vehicle with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such vehicle. Under the provisions of LSA-R.S. 32:861(B), the motor vehicle liability bond subjects the obligor to satisfy all judgments rendered against him or against any person responsible for the operation of the obligor's motor vehicle with his express or implied consent for damages arising out of the ownership, maintenance, or use of such vehicle. In the same way, the LSA-R.S. 32:861(C) deposit is to be used as security for the payment by the owner or by any person responsible for the operation of the owner's vehicle with his express or implied consent of all judgments rendered against the owner or such person for damages arising out of the ownership, maintenance or use of such vehicle.
However, we find no provision in LSA-R. S. 32:1042 which makes the self-insured responsible for the actions of a person using the vehicle with express or implied consent. If the Legislature had intended for omnibus coverage to be provided by the holder of a Certificate of Self-Insurance, it would have included in LSA-R.S. 32:1042 a mandatory omnibus coverage provision as it did in LSA-R.S. 32:900(B)(2), 32:861(B) and 32:861(C). We concur in the Trial Judge's finding that the Browning-Ferris Industries' Certificate of Self-Insurance does not afford the coverage the appellants seek.
In the next specification of error, the appellants argue that the trial court erred in granting summary judgment to Ranger Insurance Company and H.S. Weavers (Underwriting) Agencies, Ltd. Specifically, appellants claim that the trial court improperly considered parol evidence and documents not attached to the insurance policies in determining whether there was coverage under the Ranger and Weavers insurance policies.
The trial judge found that the Ranger policy does not apply in this case because the policy was designed to provide coverage to Browning-Ferris subsidiaries in *752 states where Browning-Ferris is not self-insured. Because Browning-Ferris is self-insured in Louisiana, the Ranger policy does not apply. Furthermore, the trial judge found that the vehicle operated by the plaintiff was not insured or scheduled by Ranger and because no evidence to the contrary was presented, Ranger was entitled to a summary judgment.
As for the Weavers policy, because it was only an excess liability policy for amounts greater than $500,000, the trial judge found that this policy did not apply in this case because the plaintiff's claim was settled for far less than that amount. Therefore, summary judgment was also granted to Weavers.
Appellant's claim of inadmissible parol and documentary evidence is without merit in that the affidavits were not introduced to vary the actual terms or provisions of the policies in question. In this case, the affidavits in question were introduced to determine whether or not the policies in question were applicable in Louisiana. Therefore, the affidavits were admissible and clearly showed that the policies were not applicable.
We find that the Trial Judge did not err in granting summary judgment in favor of Browning-Ferris Industries, Ranger Insurance Company and H.S. Weavers (Underwriting) Agencies, Ltd.
AFFIRMED.