^FITZSIMMONS, J.
Mr. Lewis G. Champagne suffered fatal injuries in a collision on April 20, 1996. He was driving a pickup truck owned by his business. The surviving widow and sons, Mrs. Ruby A. Champagne, Lewis G. Champagne, II, and Leland J. Champagne, sued various parties. The named defendants were the State of Louisiana, Department of Transportation and Development; the driver of the other car and his insurer; the insurer of the business pickup, Clarendon National Insurance Company; and the insurer of Mr. Champagne’s personal automobile, State Farm Mutual Automobile Insurance Company. Clarendon National Insurance Company (Clarendon) third-partied Laris Insurance Agency, Inc. (Laris). Laris sold the policy issued by Clarendon to Mr. Champagne.
Laris and Clarendon filed motions for summary judgment. The trial court granted the motions, and dismissed plaintiffs’ claims against Clarendon and Laris and the third party demand against Laris. Plaintiffs appealed. We affirm.
Mr. Champagne purchased a commercial policy for his business that provided coverage for the business owned pickup. The plaintiffs claim that the insertion by Laris of typed information and an incorrect date of execution in the UM form render invalid the insured’s selection of lower UM coverage of $25,000 for the business pickup truck.[2] Without a valid UM form, the *1288 amount of UM coverage available to the plaintiffs would be $1,000,000.

SUMMARY JUDGMENT

“The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination” of cases. La. C.C.P. art. 966 A(2). Motions for summary judgment are favored. Id. If no genuine issue of material fact remains, and the mover is entitled to judgment as a matter of law, the motion “shall be granted.” La. C.C.P. art. 966 C(l). Affidavits and depositions may be used to set forth facts that would be admissible in evidence. To claim a genuine issue of fact exists and rebut the facts presented by the mover, the “adverse party may not rest on the mere allegations or |sdenials of his pleading, but ... must set forth specific facts showing there is no genuine issue for trial.” La. C.C.P. art. 967.

INVALIDITY BASED ON PRE-TYPED INFORMATION

Plaintiffs object to Laris typing in the information on the UM form before Mr. Champagne initialed and signed the form. They argue that this pre-typed information denied Mr. Champagne a valid selection of UM coverage options.
The material facts are undisputed. While the style of the commercial policy may be confusing to the uninitiated, the form offered the three applicable UM options: no coverage, equal coverage, or lower limits coverage. Mr. Champagne had bought commercial policies before. The form explained Louisiana law on UM coverage and the various options. As a commercial insurance form, it covered different classes of vehicles: vehicles described in the policy, hired vehicles, and non-owned vehicles. By deposition, the Laris agent, Rudy Laris, provided the following unrebutted facts: After discussing options and possible changes with Mr. Laris, Mr. Champagne wanted the same coverage limits that he selected the year before, including lower limits of $25,000 for the pickup truck. Subsequent to the discussion, the UM form was prepared with Mr. Champagne’s selected coverage limits pre-typed into the form. In the section for rejection of coverage, the code for hired and non-owned vehicles was inserted by Laris. The code for described vehicles, which included the pickup truck, was typed in the section for lower limits. Similarly, the agent pre-typed the amount of $25,000 for the lower limits option. The insured, Mr. Champagne, and Mr. Laris met on March 21, 1996. Mr. Champagne approved his selected option of no coverage for hired and non-owned vehicles, and the lower limits coverage for vehicles described in the policy, by placing his initials before those options. The insured also initialed the options to reject UM property damage coverage and accept “coverage limits for non-specified operators in the amount of $10,000.00/$20,000.00.” No pre-typed information appeared in those selections. Mr. Champagne signed the UM form at the bottom.
Based on the undisputed facts presented on the motions for summary judgment, we cannot say that the trial court erred. The insured validly elected lower UM limits for the pickup. Mr. Champagne was a businessman who had received quotes, and purchased commercial policies with vehicle options in prior years. Plaintiffs submitted 14no evidence that Mr. Champagne did not understand commercial policies. While it may be wiser to have the insured fill in the blanks, the insertion on behalf of Mr. Champagne did not deny him the opportunity to make a meaningful selection. Mr. Champagne’s selection was evidenced by his initialed approval and signature. His intent was clear.

INCORRECT DATE

The date of execution typed on the UM form was “3/21/93.” If executed in 1993, the UM form would not be applicable to an accident in 1996. Plaintiffs primarily argue that with different dates on the policy and the UM form, the form *1289 was invalid. Plaintiffs also argue that the trial court erred in allowing Clarendon and Laris to use parol or extrinsic evidence to establish the correct date of execution of the UM form.
Although the typed date of execution was “3/21/93,” Mr. Laris testified by deposition that he and Mr. Champagne met on March 21, 1996. On that date, Mr. Champagne initialed and signed the UM form at issue. According to Mr. Laris, the date typed on the UM form was a typographical error. Critical to that issue is the fact that Laris did not sell a policy to Mr. Champagne in 1993. Mr. Laris also submitted a transmittal letter for the policy, with a date of March 21,1996. The record before us contains the 1996 Clarendon policy along with the UM form in question as part of the policy. The UM form is stamped as received on March 25, 1996 by an insurance broker that handled the transaction between Laris and Clarendon. Most importantly, the 1996 policy number and the number on the face of the UM form were the same. Additionally, the trial court noticed a printed date at the bottom of the form that showed revision of the UM form on “1/94.”
When uncertainty exists as to the intent of the parties or provision of a contract, reference may be made to extrinsic or parol evidence. Certified Finance, Inc. v. Bates, 97-1325, p. 5 (La.App. 1 Cir. 6/29/98), 749 So.2d 687, 690. Although unambiguous terms and conditions of the policy cannot be varied by parol evidence, evidence outside the contract may be admitted to determine the validity or applicability of the policy. See Tijerina v. Stawecki, 95-1200, p. 3 (La.App. 3 Cir. 3/6/96), 670 So.2d 792, 794; Rockhold v. Department of Transportation and Development, 528 So.2d 749, 751-52 (La.App. 4th Cir.), writ denied, 533 So.2d 21 (La.1988).
| sThe contradiction created by the 1996 policy number and the typed date of “3/21/93,” both appearing on the face of the form, created uncertainty about the date the UM form was executed. The evidence submitted on the date of execution, testimonial and physical, concerned the validity or applicability of the UM form, not the clear terms or conditions of liability or UM coverage. We see no error in the trial court’s acceptance of the evidence under these particular facts.
We also do not agree with plaintiffs that the policy and UM form must always be executed contemporaneously. Each case must be judged on its own facts. Policyholders may change their mind about UM coverage subsequent to issuance of the policy. These decisions to lower or raise UM coverage would not automatically be invalid merely because the policy and the UM form were not contemporaneously executed ..
Laris and Clarendon submitted an affidavit, deposition, and documentary evidence that the 1993 date was a typographical error, and that the UM form was executed in March of 1996. In response to the evidence submitted on summary judgment by Clarendon and Laris, plaintiffs failed to submit evidence in opposition or rebuttal of the fact that “1993” was a typographical error. Plaintiffs do not argue that rebuttal evidence could be submitted at trial of the matter. Thus, we find no genuine issue of material fact remained. Based on these unrebutted facts, the UM form was not invalidated by the incorrectly typed date.
For these reasons, we find no error in the trial court’s grant of the summary judgments. The costs of the appeal are assessed to plaintiffs.
AFFIRMED.

. Plaintiffs also argue that the denial of a prior Clarendon motion for summary judgment precluded Clarendon’s second motion for summary judgment on the same issues. We disagree. See Melton v. Miley, 98-1437, p. 4 (La.App. 1 Cir. 9/24/99), 754 So.2d 1088, 1090, writ denied, 99-3089 (La.1/7/00), 752 So.2d 867.